IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY SAXTON and KATIE SAXTON, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. |
| | § | |
| v. | § | 3:09-CV-2458-K |
| | § | |
| ROBERT P. FAUST, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Robert Faust's Motion to Dismiss (Doc. No. 6), filed February 2, 2010. The Court has reviewed and considered the motion, the pleadings on file in this case, and the applicable law. Upon review, this case must be dismissed for the following reasons: (1) this Court lacks subject matter jurisdiction over the case; (2) this Court lacks personal jurisdiction over the Defendant; (3) venue is improper; and (4) the Defendant has absolute immunity from claims in this case. Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' claims are **DISMISSED** without prejudice.

I.  **Factual and Procedural Background**

Plaintiffs Jerry and Katie Saxtons ("the Saxtons") are defendants in a Utah state court lawsuit over which Defendant Judge Robert Faust ("Judge Faust") was presiding until January 3, 2010 (*See* Def. Mot. to Dismiss at 4). From the Saxtons' complaint and

Judge Faust's motion to dismiss, the following facts are undisputed. On February 27, 2007 in Utah state court, a former business partner filed suit against the Saxtons. This former partner alleged that the Saxtons had misappropriated trade secrets, patent rights, and other intellectual property. (*See* Pl. Compl. at 11). In the Utah case, Judge Faust sanctioned the Saxtons for violating Judge Faust's discovery orders and a preliminary injunction order. (*Id.* at 13, 14).

In response to the sanction order, on December 28, 2009, the Saxtons filed their original complaint in this Court, alleging violations of their First, Fifth, and Fourteenth Amendment civil rights, under 42 U.S.C. §1983. Specifically, the Saxtons assert that Judge Faust illegally attempted to seize their property through legal writs and garnishment orders. On February 2, 2010, Judge Faust filed a Motion to Dismiss asserting: (1) this Court should abstain from exercising jurisdiction under the *Younger* doctrine; (2) lack of personal jurisdiction; (3) venue is improper; and (4) absolute judicial immunity. The Saxtons did not file a response Judge Faust's Motion to Dismiss.

## II. Legal Standard

Judge Faust has asserted four different grounds for dismissal, each with a different legal standard. All four will be addressed in turn.

### A. Rule 12(b)(1) - Subject-matter Jurisdiction

Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute they lack the power to adjudicate claims. *Stockman v. Fed. Election Comm'n*,

138 F.3d 144, 151 (5th Cir. 1998). Even when subject-matter jurisdiction is conferred by statute, however, there are times when federal courts should decline jurisdiction in the interests of comity. *See Younger v. Harris*, 401 U.S. 37 (1971). The court must consider: (1) whether there is an ongoing state criminal, civil, or administrative proceeding; (2) whether the state proceedings involve important state interests; and (3) whether the state court provides an adequate forum to hear the claims raised in the federal complaint. *Women's Cmty. Health Ctr. of Beaumont, Inc. v. Tex. Health Facilities Comm'n*, 685 F.2d 974, 979 (5th Cir. 1982)(citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

B.Rule 12(b)(2) - Personal Jurisdiction

A federal court has jurisdiction over a nonresident defendant if the long-arm statute of the state in which it sits confers personal jurisdiction over that defendant and the exercise of that jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). The Texas long-arm statute has been interpreted to extend to the limits of that allowed by federal due process law. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Federal due process requires that a defendant have "minimum contacts" with the forum state and the exercise of jurisdiction not offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 366 (1945)).

### C. Rule 12(b)(3) - Venue

Once raised, a Rule 12(b)(3) motion to dismiss due to improper venue places the burden of sustaining venue on the plaintiff. *See Go Figure, Inc. v. Curves, Intern., Inc.*, __ F.Supp.2d __, 2010 WL 1424411 (S.D.Tex. Apr. 8, 2010); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §3826 (1986). When no evidentiary hearing is conducted, a court will accept uncontroverted facts contained in the plaintiff's pleadings as true and resolve any conflicts from the pleadings and any other documents of affidavits in the plaintiff's favor. *Id.*

Venue is proper in the judicial district where the defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the claim is located. If neither of the preceding apply, wherever the defendant may be found. 28 U.S.C. § 1391(1)–(3).

### D. Rule 12(b)(6)

In reviewing a Rule 12(b)(6) motion, which tests the legal sufficiency of the claims stated in the complaint, a court must look solely at the pleadings themselves. *Jackson v. Procunier*, 789 F.2d 307, 309–10 (5th Cir. 1986). In looking at whether the complaint states a valid claim upon which relief can be granted, the court must view all facts in a light most favorable to the plaintiff and resolve any doubts in favor of the plaintiff. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The court must assume the truth of all pleaded facts and liberally construe the complaint in favor

of the plaintiff. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). To survive a 12(b)(6) motion, a plaintiff must not make mere conclusory allegations, but must plead specific facts. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Although Fed. R. Civ. P. 12(b)(6) dismissal is ordinarily determined by whether the facts alleged in the complaint give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

## III. Analysis

The Court will now apply the above legal standards to the facts of this case.

### A. Subject-Matter Jurisdiction

Although the Saxtons have asserted claims under 42 U.S.C. §1983, the presence of all three *Younger* factors indicates that this Court should decline jurisdiction. First, there is an ongoing civil action in the Third Judicial District of Utah. *See* Def. App. at 77. Second, the Utah state proceeding involves contempt orders by Judge Faust. The state court contempt process lies at the very core of a state's judicial system. *Juidice v. Vail*, 430 U.S. 327, 335 (1977). Finally, the Saxtons had recourse under Utah law for the wrongs of which they complained. The *Younger* factors are present; therefore, the

Court declines jurisdiction.

B. **Personal Jurisdiction**

"Minimum contacts" means that the defendant has "purposefully availed itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). The "minimum contacts" requirement can be met one of two ways: by "specific" personal jurisdiction or by "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific personal jurisdiction arises when a nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). General personal jurisdiction is proper when a nonresident defendant's contacts with the forum state are continuous, systematic, and substantial, even if unrelated to the present lawsuit. *Id*. at 414 n. 9.

To determine if jurisdiction comports with "traditional notions of fair play and substantial justice," the court must consider: (1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in the efficient resolution of controversies; and (5) the state's shared interest in furthering public policy. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987).

Specific personal jurisdiction arises when a defendant's contacts with a forum

comprise the basis for the present suit. *Marathon Oil*, 182 F.3d at 295. The only contacts with Texas alleged by the Saxtons are the effects they have felt in Texas of Judge Faust's rulings in Utah state court. The Fifth Circuit recently rejected the idea that a nonresident government official may be haled into a Texas court simply because the effects of a ruling are felt in Texas. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482–85 (5th Cir. 2008). Judge Faust has not "conducted business" in the state of Texas nor has he availed himself of the protections and benefits of our laws, as contemplated by Tex. Civ. Prac. & Rem. Code §17.042. Furthermore, because the Saxtons have alleged no other contacts with Texas, general personal jurisdiction also fails.

**C.     Venue**

The Saxtons assert venue is proper in this Court under 28 U.S.C. § 1391(a)–(c),(e) and 28 U.S.C. § 1402(b). Section 1391(c) and (e) apply to either a corporation or an officer or employee of the United States. Judge Faust is neither. The Saxtons asserted claims under 42 U.S.C. § 1983 and invoked federal question jurisdiction and jurisdiction under 28 U.S.C. § 1343, not under diversity jurisdiction. Therefore, § 1391(a) is not applicable because jurisdiction here is not founded solely upon diversity of citizenship. 28 U.S.C. § 1402(b) is also inapplicable because this venue provision is only used when the United States is the defendant. Section 1391(b)(2) requires a substantial part of the events or omissions giving rise to the present claim occur in the court's judicial district. However, all of the events the

Saxtons complain of occurred in Utah.

### D. Absolute Judicial Immunity

Alternatively, Judge Faust moves for dismissal under Rule 12(b)(6) because the Saxtons' claims are barred by absolute judicial immunity. Judges are absolutely immune from money damages for their official actions. *Mireles v. Waco*, 502 U.S. 9 (1991). This immunity is not solely from judgment, but from suit as well. *Id.* at 11. Even allegations of acting maliciously or corruptly will not overcome judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The passage of the Civil Rights Act did not abolish judicial immunity; thus, suits brought under 42 U.S.C. § 1983 against judicial officers acting in their official capacities for money damages are still barred. *Id*. at 554–55. In addition, Congress amended 42 U.S.C. § 1983 in 1996 to prohibit suits for injunctive relief against judicial officers acting in their official capacities unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983 (as amended Oct. 19, 1996 by Pub. L. 104-317, Title III, Sec. 309(c), 110 Stat. 3852). The only exceptions to this immunity are for extra-judicial conduct (i.e. actions not taken in the judge's official capacity); or actions taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11–12.

The actions that form the basis for the Saxtons' complaint all relate to Judge Faust's official duties, including: allowing the Saxtons' opponents in the Utah state court lawsuit to file a *lis pendens* on the Saxtons' Utah home (*see* Pl. Compl. at ¶ 38); contempt

orders for failing to appear at a hearing in May of 2009 (*see* Pl. Compl. at ¶ 22) and for violating a pre-judgment writ by encumbering the Saxtons' Utah home (*see* Pl. Compl. at ¶ 25); discovery orders to produce computer files (*see* Pl. Compl. at ¶ 21) and to allow access to a business premises for inspection (*see* Pl. Compl. at ¶ 20); and post-hearing findings of fact and conclusions of law (*see* Pl. Compl. at ¶ 30). In addition, the Saxtons' assertions that Judge Faust had been committing "jurisdiction[al] fraud" are merely conclusory. No facts have been alleged in support of these assertions, as required to defeat a Rule 12(b)(6) motion. *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009). Because the Saxtons' claims all arise from Judge Faust's official duties and no exceptions have been met, the claims are barred by absolute judicial immunity.

## IV. Conclusion

For the above reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' claims are **DISMISSED** without prejudice by judgment filed in a separate document.

**SO ORDERED.**

Signed August 31st, 2010.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE